IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-28-1H
No. 7:19-CV-31-H

BORENZO CORTEZ PATRICK,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #37]. The government filed a motion to dismiss, [DE #42], to which petitioner responded, [DE #48]. Petitioner also filed a letter inquiring as to the status of his § 2255 motion, [DE #50], which letter is addressed by the contents herein. This matter is ripe for adjudication.

**BACKGROUND**

On May 12, 2017, petitioner pled guilty pursuant to a written memorandum of plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a)&(d) (Count One); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) (Count Two). On August 8, 2017, the court sentenced petitioner to a total term of imprisonment of 121

months.  Judgment was entered on August 21, 2017.  Petitioner did not appeal.

On February 21, 2019, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #37], seeking to withdraw his guilty plea and alleging various claims of ineffective assistance of counsel.  The government moves to dismiss his § 2255 as untimely.

**COURT'S DISCUSSION**

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f).  The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's judgment was entered on August 21, 2017. [DE #34]. Petitioner did not file an appeal, and therefore his judgment became final when the 14-day appeal period expired following entry of judgment. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) (finding petitioner had one year from the date his judgment became final, that is, "fourteen days from the date when judgment was 'entered on the criminal docket' in which to appeal the judgment") (citing Clay, 537 U.S. at 532; Fed. R. App. 4(b)(1))); but cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding judgment became final on the judgment was entered, that is "the date upon which he declined to pursue further appellate review."). The court notes petitioner's § 2255 motion was not filed until February 21, 2019, more than one year after the judgment became final. Therefore, petitioner's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Petitioner argues the court should equitably toll the statute of limitations in his case. The statute of limitations period for § 2255 motions is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare

3

instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (quoting Harris, 209 F.3d at 330). In order for equitable tolling to apply, petitioner must demonstrate that (1) "he has been pursuing his rights diligently", and (2) "extraordinary circumstances stood in his way" and prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner alleges his 2255 motion was delayed due to counsel's failure to file an appeal when requested to do so. [DE #37 at 4, 11]. Petitioner also alleges that he "spoke with counsel and wrote to counsel" explaining his research and that he was under the impression after speaking with counsel, that counsel was going to file his appeal. [DE #48 at 5-6]. Petitioner alleges he wrote several additional letters to counsel requesting information about his direct appeal and waited for counsel's response before filing a § 2255 motion. [DE #48 at 6]. Petitioner alleges after several months passed, he discovered that an appeal was never filed and that his filing of his § 2255 motion was delayed due to counsel's failure to file. Although the government argues these reasons are insufficient, the court finds, considering the totality of the circumstances, that petitioner has met the heavy burden required

4

to justify equitable tolling.  Therefore, the court hereby tolls the statute of limitations and deems petitioner's motion timely filed.

Among petitioner's claims is an allegation that his counsel failed to file an appeal after being requested to do so, a claim which generally presents a factual issue requiring an evidentiary hearing.  See United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993) ("[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success.").

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 8 of the Federal Rules Governing § 2255 Proceedings, this matter is hereby referred to United States Magistrate Judge Kimberly A. Swank to conduct an evidentiary hearing and to submit a Memorandum and Recommendation ("M&R") to the undersigned regarding the issue of whether petitioner instructed counsel to file an appeal.

The Federal Public Defender is directed to assign counsel to represent petitioner at the hearing.  After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold an evidentiary hearing, respecting the need of counsel for both parties to have adequate time for investigation and preparation.  The clerk is directed to

serve a copy of this order on the Office of the Federal Public Defender.

This 16th day of June 2020.

                                               Malcolm J. Howard
                                               Senior United States District Judge

At Greenville, NC
#35