IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:17-CR-00028-M
Case No. 7:19-CV-00031-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| v. | ) ORDER |
| BORENZO PATRICK, | ) |
| Defendant/Petitioner. | ) |

These matters come before the court on the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct filed on February 20, 2019 [DE 37], Respondent's Motion to Dismiss the § 2255 petition filed on May 2, 2019 [DE 42], and Petitioner's Motion to Amend 28 U.S.C. § 2255 Petition filed on April 21, 2022 [DE 108].

In his § 2255 motion, Petitioner alleges ineffective assistance of his counsel during the underlying criminal proceedings, at which time counsel allegedly "ignored" Petitioner's request to file a notice of appeal. In June 2020, Petitioner's § 2255 motion and Defendant's motion to dismiss were referred to the Honorable Kimberly A. Swank, who held a hearing on November 4, 2021, and issued a Memorandum and Recommendation (M&R) on March 30, 2022, recommending that this court grant the Respondent's motion to dismiss and deny Petitioner's § 2255 motion.

Following the issuance of the M&R, Petitioner moved to amend his second claim for ineffective assistance of counsel seeking to add factual allegations stemming from the testimony of his former attorney, William T. Peregoy, at the November 4, 2021 hearing before Magistrate

Judge Swank. Mot. at 4.[1] At the hearing, Mr. Peregoy testified that despite the court's advice to do so, he did not recall conferring with Petitioner about a possible appeal following the sentencing hearing. *Id.* Petitioner seeks to add this information to his § 2255 petition in support of his claim for ineffective assistance of counsel, contending that pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, "[t]he pleadings may be amended to conform to the evidence adduced at the hearing and to raise un-pleaded issues." Mot. at 3.

Rule 15(b) allows "liberal" amendment of the pleadings to conform to evidence presented at a trial. *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 986 (4th Cir. 2015) (Gregory, C.J. concurring) (citing *Equal Emp't Opportunity Comm'n v. Gen. Elec. Co.*, 532 F.2d 359, 367 n.17 (4th Cir. 1976)). In fact, a party need not always seek leave to amend under Rule 15(b): "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings," and "failure to amend does not affect the result of the trial of that issue." *See id.* (quoting Fed. R. Civ. P. 15(b)(2)). "This liberalism was meant to obviate the necessity of a new trial every time an opposing party points to a technical deficiency in pleading." *See id.* (citation omitted); *see also Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013) ("The goal of Rule 15(b) is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel.") (citing *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)); *Deere & Co. v. Johnson*, 271 F.3d 613, 621 (5th Cir. 2001) ("As has been often said, the principal purpose of Rule 15(b) is judicial economy.").

---

[1] The court acknowledges that Respondent filed a response in opposition to the motion to amend; however, the response brief was filed on June 23, 2022, nearly fifty days after it was due to be filed on May 5, 2022, and Respondent did not seek leave to file the brief out of time. Moreover, based on the findings and conclusions made by the court herein, the court finds Respondent's non-jurisdictional arguments unpersuasive.

2

The court agrees that the parties tried by consent the issue whether Mr. Peregoy's assistance to Petitioner was ineffective when counsel purportedly failed to consult with Petitioner after the sentencing hearing despite the judge's instruction to do so. *See Hollander*, 705 F.3d at 348 ("[c]onsent may be implied when evidence relevant to an unpleaded issue has been introduced at trial without objection.") (citing *Modern Leasing, Inc. of Iowa v. Falcon Mfg. of Cal. Inc.*, 888 F.2d 59, 63 (8th Cir. 1989)). At the November 2021 hearing, Mr. Peregoy testified as follows:

> Q. You do recall the court's advisal at the end of the sentencing that Attorney Duffy read, Judge Howard asked you to confer with your client about an appeal, about the right to appeal?
>
> A. I do recall that being part of the Judge – standard colloquy, yes, ma'am.
>
> Q. It's your testimony that you met with Mr. Patrick after the sentencing in the lockup and you asked him if he wanted to appeal his sentence?
>
> A. I didn't ask him if he wanted to appeal the sentence, ma'am. My testimony is that after I got -- after he was taken out -- I don't know if I met with him before or after I met with his family outside in the corridor -- that I went back and saw him and the conversation was about how his family was. I don't think the notion of an appeal was ever brought up.
>
> Q. So you didn't ask him if he wanted to file a notice of appeal --
>
> A. Not to my recollection. I don't recall.

Hrg. Tr. 69: 16 – 70: 7, DE 98. Petitioner seeks to amend his § 2255 petition to add this testimony in support of his claim for ineffective assistance of counsel. Mot. at 4. Given the "liberalism" recognized in the rule and in the interest of justice, the court will grant Petitioner's motion to amend his § 2255 petition to add Mr. Peregoy's November 2021 testimony in support of his claim for ineffective assistance of counsel.

As noted, Mr. Peregoy gave this testimony at a hearing before Magistrate Judge Swank on the § 2255 petition and the United States' motion to dismiss. Judge Swank heard and considered

3

testimony by both the Petitioner and his counsel, including that sought to amend the ineffective assistance claim to conform to the evidence tried by consent. Judge Swank found:

> Mr. Peregoy specifically recalled meeting with Petitioner after sentencing in the courthouse lockup. Petitioner did not tell Mr. Peregoy to file a notice of appeal at that time. Mr. Peregoy then recalled meeting with Petitioner's family outside of the courtroom. Mr. Peregoy also testified that Petitioner did not tell him prior to sentencing to appeal the sentence regardless of the outcome. Had Petitioner done so, Mr. Peregoy testified, he "would have come to court with the notice of appeal in [his] briefcase."
>
> Having had the opportunity to consider Petitioner's motion, review the case docket, and observe the witnesses, the undersigned does not credit Petitioner's claim that Mr. Peregoy committed ineffective assistance by failing to file a notice of appeal for the following reasons. First, Petitioner's credibility is undermined by the fact that the basis for relief stated in his motion contradicts his own testimony. As noted above, Petitioner stated in his motion that Mr. Peregoy failed to file a notice of appeal despite Petitioner having told Mr. Peregoy to do so. In court, though, Petitioner denied telling Mr. Peregoy to file a notice of appeal—either on the day of sentencing or in one of the post-sentencing messages he left at Mr. Peregoy's firm. ***Petitioner now claims that Mr. Peregoy failed to consult with him after sentencing about Petitioner's right to appeal.***
>
> The undersigned accepts Mr. Peregoy's testimony and ***finds that he reasonably consulted with Petitioner about the right to appeal*** and that Petitioner did not instruct Mr. Peregoy to appeal his sentence. Accordingly, Petitioner has failed to carry his burden to show that Mr. Peregoy acted unreasonably by failing to file a notice of appeal.

M&R at 7-9, DE 104 (emphasis added). Judge Swank's findings demonstrate she has considered the facts Petitioner seeks to add in support of the ineffective assistance claim and has determined that Petitioner does not have a viable claim.

To date, no objections have been filed to the M&R.[2] A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the

---

[2] Objections were due to be filed on or before April 18, 2022. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); Local Civil Rule 72.4(b). The parties' motions and M&R were submitted to this court for disposition on April 19, 2022. However, the court granted Defendant's subsequent motion to extend the deadline to April 25, 2022. No objections were filed before the deadline.

4

... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon careful review of the comprehensive, well-reasoned M&R and the record presented, and finding no clear error, the court adopts the recommendation of the magistrate judge as its own. For the reasons stated in the M&R, this court denies Petitioner's § 2255 motion and grants Respondent's motion to dismiss the petition.

Therefore, Petitioner's Motion to Amend 28 U.S.C. § 2255 Petition [DE 108] is GRANTED and Petitioner's § 2255 petition is amended to include Mr. Peregoy's testimony concerning whether he conferred with Petitioner about an appeal after sentencing. Having no objections and finding no clear error, Judge Swank's M&R is ADOPTED, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct [DE 37] is DENIED and Respondent's Motion to Dismiss [DE 42] is GRANTED. As Judge Swank has considered the testimony supporting Petitioner's amendment to conform to the evidence adduced at the hearing and determined that Petitioner does not have a viable claim, and as this court has adopted Judge Swank's findings and analysis in full, the Clerk of the Court is directed to close these cases.

SO ORDERED this 19th day of July, 2022.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE